IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KIRK RAAB, | ) | |
|                Plaintiff, | ) | Case No.: 08 C 50087 |
| | ) | |
| v. | ) | Judge Reinhard |
| | ) | |
| COUNTY OF JO DAVIESS, et. al., | ) | Magistrate Mahoney |
|                Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, County of Jo Daviess, Jo Daviess County Sheriff's Office, Sheriff Leo Hefel, Chief Deputy Colin Fulrath, and Donald Schweihs, by their attorneys, Julie A. Bruch and O'Halloran Kosoff Geitner & Cook, LLC, for their memorandum in support of their Fed.R.Civ.P. 12(b)(6) motion to dismiss plaintiff's Complaint, state as follows:

Raab filed a five count complaint against defendants alleging both federal and state law causes of action. (Doc. 1). Defendants now move to dismiss Counts II-V and defendants County of Jo Daviess, Jo Daviess County Sheriff's Office and Donald Schweihs move to dismiss all claims against them. Defendant Sheriff Hefel and Chief Deputy Fulrath have filed an answer and affirmative defenses to Count I only. In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-66 (2007); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

**I. The Jo Daviess County Sheriff's Office is not a proper legal entity and the claims against Chief Deputy Fulrath, and Public Defender Schweihs in their official capacity are duplicative of those against the Sheriff Hefel in his official capacity.**

Raab has named the Jo Daviess County Sheriff's Office as a defendant in this lawsuit. The Jo Daviess County Sheriff's Office is not a governmental organization subject to suit. Under Fed.R.Civ.P. 17(b), a federal court must look to state law to determine if a defendant possesses the capacity to be sued. In Illinois, to be sued a defendant must have a legal existence, either natural or artificial. *Jackson v. Village of Rosemont*, 180 Ill.App.3d 932, 937-38, 536 N.E.2d 720, 723 (1st Dist. 1988). The sheriff's office is not among the units of local government established by Article 7 of the Illinois Constitution (1970). The sheriff's office is not a suable entity and therefore is not subject to liability. *Magnuson v. Cassarella*, 812 F.Supp. 824, 827 (N.D. Ill. 1992).

Raab also name Chief Deputy Fulrath and Public Defender Schweihs as defendants in their individual and official capacities. Claims against Fulrath in his official capacity are duplicative of claims against the Sheriff Hefel in his official capacity since Sheriff Hefel is the employer of Raab and Fulrath. Jo Daviess County is the employer of Schweihs, thus the official capacity claims against Schweihs and Fulrath should be dismissed with prejudice. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985).

**II. Jo Daviess County is a necessary party and cannot be held liable for the actions of the sheriff or sheriff's deputies.**

County of Jo Daviess moves to dismiss the claims against it on the basis that it is a necessary party by virtue of *Carver v. LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003), but cannot be held liable for the actions of the sheriff, chief deputy, or any other employee

of the sheriff's office. *See Roger Whitmore's Automotive Services, Inc. v. Lake County*, 424 F.3d 659, 676 (7th Cir. 2005). While a sheriff is a county officer, a "county is given no authority to control the office of the sheriff," and the Illinois Supreme Court has ruled that the status of the sheriffs in relation to their counties is analogous to an independent contractor. *Moy v. County of Cook*, 159 Ill.2d 519, 640 N.E.2d 926, 929 (1994). The Seventh Circuit has explicitly ruled that Illinois counties are not liable for their sheriffs' actions under *Monell*, stating that "Illinois sheriffs are independently elected officials not subject to the control of the county." *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995).

While County of Jo Daviess acknowledges that it is the employer of public defender Schweihs by virtue of *Johnson v. Halloran*, 194 Ill.2d 493, 742 N.E.2d 741 (2000), since all claims against Schweihs are subject to dismissal for the reasons set forth in section III, infra, County of Jo Daviess County cannot be substantively liable to Raab.

### III.  Schweihs is entitled to dismissal of all claims against him.

Raab has named public defender Schweihs as a defendant in his official and individual capacity in all counts of the complaint. Raab acknowledges that Schweihs is not his employer and is not affiliated with the Sheriff's Department in any manner. (Doc. 1 ¶47). Raab's allegations against Schweihs are that beginning in 2004 Schweihs falsely told others within Jo Daviess County that Raab and others were involved in illegal drug deals. (Doc. 1 ¶13). In July or August 2006 Schweihs allegedly contacted the Drug Enforcement Agency and Federal Bureau of Investigations to request an investigation of Raab regarding unlawful narcotic activity. (Doc. 1 ¶18). Schweihs

3

supported Sheriff Hefel in his November 2006 bid to become sheriff.  (Doc. 1 ¶19).  Schweihs had closed door meetings with Sheriff Hefel on a regular basis.  (Doc. 1 ¶¶47, 51).

> **A. There are no allegations sufficient to demonstrate that Schweihs acted under color of state law or deprived Raab of a federal right.**

In order to be held liable under Section 1983, Schweihs must have acted under color of state law and deprived Raab of a federal right.  *Bublitz v. Cottey*, 327 F.3d 485, 488 (7th Cir. 2003).  Attorneys do not function under color of law unless they work in concert with governmental officials to deprive persons of their constitutional rights.  *Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820 (1984).  The only allegations of actual conduct by Schweihs occurred in 2004 and in July or August 2006, before Sheriff Hefel was elected as Jo Daviess County sheriff.  There are no allegations of acts by Schweihs after Sheriff Hefel took office other than Schweihs meeting with Sheriff Hefel for unspecified reasons.  Such allegations fall far short of demonstrating that Schweihs worked in concert with Sheriff Hefel and Chief Deputy Fulrath to deprive Raab of his constitutional rights.  Therefore, the complaint does not contain any allegations establishing that Schweihs acted under color of state law.

Further, there are no allegations in the complaint that Schweihs deprived Raab of a federal right.  Schweihs is not Raab's employer and there are no allegations that Schweihs took any action against Raab which deprived him of a federal right.  As set forth in section IV, infra, Raab cannot base his claim on a violation of equal protection.  With respect to his claims of substantive due process violation, there are no allegations

of action by Schweihs that 'shocks the conscience' as set forth in section V, infra.

Finally, there are no allegations that Schweihs retaliated against Raab for any First Amendment protected contact. Raab alleges that Schweihs contacted the FBI and DEA to report suspicions that Raab was involved in illegal narcotics two years before Raab allegedly engaged in protected activity.

**B. Schweihs statements are absolutely privileged under the First Amendment.**

Alternatively, dismissal of Raab's claims against Schweihs is appropriate because Schweihs' reports to the FBI and DEA (or officials within Jo Daviess County) of alleged illegal drug activity by Raab is absolutely privileged and protected by the First Amendment. As the court noted in *Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981), a citizen's exercise of First Amendment rights of speech, assembly and petitions are absolutely privileged from attack under the Civil Rights Act of 1871. This is true even if the defendant had malicious motives in making the speech at issue. *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1342-46 (7th Cir.), *cert. denied*, 434 U.S. 975 (1977). Under Illinois law, privileges that bar defamation actions also extend to related tort actions based on the same conduct. *Geick v. Kay*, 236 Ill.App.3d 868, 869-70, 603 N.E.2d 121, 129-30 (1992).

**C. Raab's claims against Schweihs are untimely.**

Alternatively, Schweihs is also entitled to dismissal of the claims against him because they are untimely. Raab alleges that Schweihs contacted the FBI and DEA in 2004. Raab did not file this lawsuit until May 19, 2008, well over two years after the conduct of Schweihs that is at issue. Federal claims of civil rights violations must be

5

commenced within two years of the date of injury. *Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276 (7th Cir. 1989). The applicable statute of limitations for Raab's state claims is set forth in Section 8-101 of the Illinois Local Government and Governmental Employees Tort Immunity Act. Pursuant to Section 8-101, a civil action against a local entity or any of its employees must be commenced within one year from the date the injury was received or the cause of action accrued. 745 ILCS 10/8-101. Here, Raab does not allege any conduct by Schweihs in the past year that would give rise to any of his state law causes of action. As such, Raab's state law claims against Schweihs are untimely. *See Delgadillo v. Paulnitsky*, No. 05 C 3448, 2007 U.S. Dist. LEXIS 40730 (N.D. Ill. June 1, 2007)(the one year statute of limitations applies to claims against governmental employees in both their individual and official capacities).

**IV. Raab cannot state a claim for deprivation of equal protection under the law.**

In Count II, Raab alleges that the conduct of defendants deprived him of equal protection of the law. (Doc. 1 ¶80). Raab further alleges that none of his fellow officers have been subjected to the type of conduct engaged in by defendants and directed against Raab. (Doc. 1 ¶81). Raab claims that defendants have subjected him to a different set of rules, regulations and/or standard of conduct than his fellow officers. (Doc. 1 ¶82).

On June 9, 2008 the United States Supreme Court Case held in the case of *Engquist v. Oregon Dept of Agriculture*, No. 07-474, ____, U.S. ___, 170 L.Ed. 975, 2008 U.S. LEXIS 4705 (June 9, 2008), that the class-of-one theory of equal protection does not apply in the public employment context. In so holding, the Court noted that "we have never found

the *Equal Protection Clause* implicated in the specific circumstance where, as here, government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner." *Id*. at 988. Accordingly, Count II must be dismissed with prejudice.

**V. Raab's substantive due process claim should be dismissed with prejudice.**

In Count III, Raab attempts to state a claim for deprivation of substantive due process. Dismissal of Count III is appropriate because any property interests that Raab possesses are not protected. Substantive due process involves the exercise of governmental power without reasonable justification and the "protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963 (1974). "The scope of substantive due process, however, is very limited and protects plaintiffs only against arbitrary government action that 'shocks the conscience.'" *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005). The complaint is unclear on the basis of Raab's asserted substantive due process interest. Assuming that the claim is predicated on the deprivation of a state-created property interest, in order to state a claim, Raab must show: "(1) that the state actor's conduct was arbitrary and irrational, and (2) that the state actor committed a separate constitutional violation or that state law remedies are inadequate." *Galdikas v. Fagan*, 342 F.3d 684, 688 (7th Cir. 2003).

In Count III, Raab appears to be alleging that the defendants' acts deprived him of equal protection under the law. (Doc. 1 ¶85). Pursuant to the recent decision in *Engquist*, Raab does not have an equal protection claim. *See supra* Section IV. Similarly,

to the extent that Raab is claiming a violation of his liberty interest, a person does not have a liberty interest in his reputation. *Beischel v. Stone Bank School Dist.*, 362 F.3d 430, 439 (7th Cir. 2004). Therefore, Raab cannot state a claim for deprivation of substantive due process because he cannot show that defendants committed a separate constitutional violation. Further, even if defendants acted arbitrarily and irrationally, Raab's substantive due process claim must still fail because state law provides an adequate remedy. As a result, Count III should be dismissed with prejudice.

**VI. Raab cannot state a claim for false light invasion of privacy.**

In Count IV, Raab seeks to hold all defendants liable for the state law tort of false light invasion of privacy. Raab alleges that defendants put Raab in a false light before the public "as a result of the actions that they have taken against Sergeant Raab." (Doc. 1 ¶90). Raab seeks compensatory and exemplary damages as well as interest, costs and attorney fees. Initially, Raab cannot recover punitive damages or attorney fees for violation of state law by a governmental entity or employer. 745 ILCS 10/2-102 and 2-213; *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748 (1981); *Keefe-Shea Joint Venture v. City of Evanston*, 364 Ill.App.3d 48, 63, 845 N.E.2d 689 (2005).

To make a claim for false light invasion of privacy, the Raab must allege that: (1) defendants' actions caused Raab to be placed in a false light before the public; (2) the false light would be highly offensive to a reasonable person; and (3) defendants acted with malice or reckless disregard for whether the statements were true of false. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill.2d 1, 17-18, 607 N.E.2d 201, 209-10 (1992). Raab cannot satisfy the second element because defendants' statements were privileged.

8

Alternatively defendants are entitled to tort immunity pursuant to Section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act.  745 ILCS 10/2-201.

Under the Tort Immunity Act, lawsuits against governmental entities and employees must be brought within 1 year of the date that the injury was received or the cause of action accrued.  745 ILCS 10/8-101. Raab filed this lawsuit on May 19, 2008. Therefore, the only relevant conduct is acts taken by defendants from May 19, 2007 to the present.  Raab sets forth allegations of numerous communications between himself and Sheriff Hefel or Chief Deputy Fulrath during that time frame but there are no allegations that any of these communications placed Raab in a false light before the public since these conversations were not publicized.  The only alleged statement made to outsiders was a statement allegedly made by Chief Deputy Fulrath to Raab's wife's employer that "we have an ongoing investigation and were wondering if Kelly Raab has a second job."  (Doc. 1 ¶71).  Such allegations are much too vague to be actionable and do not even implicate Raab personally.

Alternatively, Count IV should be dismissed because Illinois law provides that a federal, state or municipal official cannot be held liable for defamatory statements made in the performance of his official duties.  *Dolatowski v. Life Printing & Publishing Co.*, 197 Ill. App. 3d 23,28, 554 N.E.2d 692, 695 (1st Dist. 1990). The privilege is justified by the policy that government officials "should be free to exercise their duties without fear of potential civil liability."  *Blair v. Walker*, 64 Ill.2d 1, 349 N.E.2d 385, 387(1976).  The privilege is absolute and has the effect of immunizing the official from any civil liability

for his public statements, including claims that the statements were false and libelous, defamatory, and/or an invasion of privacy. *Id.* at 386, 387: *Dolatowski*, at 760; *Morton v. Hartigan*, 145 Ill.App.3d 417, 99 Ill. Dec. 424, 426,428 (1st Dist. 1986).

The absolute privilege is applicable to a broad range of state and local governmental officials whose official duties encompass the making of public statements, including a deputy police superintendent (*Dolatowski*), and a police detective (*Harris v. News-Sun*, 269 Ill.App.3d 648, 206 Ill. Dec. 876, 879 (2d Dist. 1995) ("Courts have found a wide range of lower-level executive officials, including police department administrators, enjoy absolute immunity from civil liability").  For example, an Illinois State Trooper was not able to proceed with a defamation suit against three of her fellow troopers who reported that she withheld information concerning a homicide and did not properly process a crime scene.  The court found that the officers were entitled to absolute immunity for these statements.  *Busch v. Bates,* 323 Ill.App.3d 823, 753 N.E.2d 1184 (5th Dist. 2001).  Courts have also repeatedly rejected attempts by plaintiffs to claim that statements made by employees were in their "individual capacity" or outside the scope of their employment.  *See Morton*, 145 Ill. App. 3d 417.

Alternatively, defendants are entitled to dismissal of Count IV because they are immune from liability pursuant to Sections 2-201 and 2-109 of the Tort Immunity Act. 745 ILCS 10/2-201 and 2-109.

Section 2-201 of the Tort Immunity Act provides as follows:

Except as otherwise provided by Statute, a public employee serving
in a position involving the determination of policy or the exercise of

>discretion is not liable for an injury resulting from his act or
>omission in determining policy when acting in the exercise of such
>discretion even though abused.  745 ILCS 10/2-201.

Dismissal of a complaint based on similar facts was affirmed in *Meyers v. Board of Education*, 121 Ill.App.2d 186, 257 N.E.2d 183 (1st Dist. 1970).  In *Meyers*, an employee of the Board of Education brought a slander suit against the Board and its Director of Civil Service Personnel alleging that he was damaged by the Director's statements in the presence of others that "You are a con man," "Oh, yes, you are, you are a con man and a professional con man."  Since the statement was made while the Director was acting as the duly authorized agent and employee and within the scope of his employment with the Board, said statement was absolutely privileged and the complaint failed to state a cause of action.  *See also Gavery v. County of Lake*, 160 Ill.App.3d 761, 513 N.E.2d 1127 (2d Dist. 1987)(dismissing claims against county and employee based on Section 2-201 where plaintiff complained that the personnel director defamed him by circulating a letter to Lake County employees advising them that they would no longer be able to select plaintiff, a physician, as a health care provider based on  complaints about plaintiff's medical care).

Here,  defendants' statements were made within the performance of their official duties.  Raab alleges that Sheriff Hefel and Chief Deputy Fulrath are policymakers (Doc. 1 ¶¶7-8).  The acts of Sheriff Hefel and Chief Deputy Fulrath as set forth in the complaint were discretionary.  Since any statements made by defendants would have been pursuant to their positions, they are entitled to immunity under Section 2-201.  Further, under section 2-109 of the Tort Immunity Act, the local governmental entity is

11

also entitled to immunity, thus all defendants should be dismissed from Count IV with prejudice.

**VII.  Raab has not set forth a claim for intentional infliction of emotional distress.**

In Count V, Raab seeks to hold all of the defendants liable for the state law tort of intentional infliction of emotional distress (IIED).  In addition to the reasons set forth in Section VI supra, regarding absolute privilege and tort immunity, defendants further move to dismiss Count V because the conduct plaintiff alleges fails to rise to the level of extreme outrageous conduct.  Raab must set forth evidence that (1) defendants' conduct was extreme and outrageous; (2) defendants either intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so; and (3) defendants' conduct actually caused severe emotional distress.  *Welsh v. Commonwealth Edison Co.*, 306 Ill.App.3d 148, 154, 713 N.E. 2d 679, 683 (1st Dist. 1999)(*citing McGrath v. Fahey*, 126 Ill. 2d 78, 86, 533 N.E. 2d 806, 809 (1988)).  Mere insults, indignities, threats, annoyances, petty oppressions or other trivialities do not qualify as outrageous conduct.  *McGrath*, 126 Ill.2d at 86, 533 N.E.2d 806.  Rather, the nature of the defendants' conduct must be so extreme as to go beyond all possible bounds of decency.  *Id.*

Liability attaches where the defendants' conduct is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 90, 360 N.E.2d 765 (1976).  As the Illinois Supreme Court has found, while "fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not

12

actionable." *Id.* Rather, the distress inflicted must be "so severe that no reasonable man could be expected to endure it." *Id.*

As set forth above in section VI supra, due to section 8-101 of the Tort Immunity Act, 745 ILCS 10/8-101, the only relevant conduct is acts taken by defendants from May 19, 2007 to the present. Those allegations are set forth in paragraphs 57-72 of the Complaint. (Doc. 1). With respect to Chief Deputy Fulrath, Raab alleges that on May 25, 2007 Fulrath contacted Raab while he was off work from a work-related injury and told Raab that he needed to return to work on light duty. (Doc. 1 ¶57). On June 5 and 18, 2007 Chief Deputy Fulrath called Raab to ask him questions about his workers' compensation injury. (Doc. 1 ¶¶59, 60). On July 25, 2007 Fulrath denied Raab's vacation request allegedly on the basis that Raab had been off long enough. (Doc. 1 ¶61). After March 27, 2008 Chief Deputy Fulrath contacted Raab's wife's employer to ask about the wife's secondary employment based on "an ongoing investigation." (Doc. 1 ¶71).

The allegations against Sheriff Hefel are that on May 25, 2007 Sheriff Hefel sent Raab a memo that he was not to delay surgery on his knee for any personal reasons. (Doc. 1 ¶58). In October 2008 Sheriff Hefel ordered all command officers to submit to random drug testing and Raab was allegedly the only officer not told the reason for the order in advance. (Doc. 1 ¶¶62-63). On January 7, 2008 Sheriff Hefel allegedly refused to allow Raab to work light duty after Raab underwent shoulder surgery. (Doc. 1¶¶64-65). In February 2008 Raab was interviewed regarding secondary employment and his physical condition but an unidentified person. (Doc. 1 ¶¶66-67). In March 2008 Raab

met with Sheriff Hefel regarding his physical condition and secondary employment. (Doc. 1 ¶¶68-70). Raab further alleges that "upon information and belief, Defendant Hefel and Fulrath have attempted to approach the Jo Daviess County State's Attorney's Officer and the County Board to fire Sgt. Raab for various reasons which were denied." (Doc. 1 ¶72).

Initially, there are no allegations during the one-year time frame with respect to defendant Schweihs. Therefore, he should be dismissed from this count as well as for the reasons set forth in section III., supra. With respect to Chief Deputy Fulrath, calling an employee who is off work on a work-related injury and asking the employee how he is doing hardly rises to the level of extreme or outrageous conduct. Further, employers deny employees' vacation requests all the time. Such conduct also does not rise to the level of extreme and outrageous conduct that no reasonable man could be expected to endure. Lastly, with respect to Chief Deputy Fulrath's alleged phone call to Raab's wife's employer, such conduct also does not rise to the level necessary to state a claim against Chief Deputy Fulrath for IIED.

The IIED claim against Sheriff Hefel should also be dismissed. The alleged acts by Sheriff Hefel involve the day-to-day operation of the sheriff's office. Public employers such as Sheriff Hefel should be able to run their office without being subject to lawsuits for every minute act of supervision. Futher, Raab's allegation that Sheriff Hefel and Chief Deputy Fulrath attempted to convince the State's Attorney and County Board to terminate Raab is nonsensical. Since Raab is an employee of Sheriff Hefel, as a matter of law the County Board and State's Attorney have no authority to take any act with

respect to Raab's employment and Sheriff Hefel could certainly terminate Raab without their approval.   Raab's claims simply fail to rise to the level of extreme and outrageous conduct necessary to state a claim against defendants and Count V should be dismissed with prejudice.

WHEREFORE, defendants, County of Jo Daviess, Jo Daviess County Sheriff's Office, Sheriff Leo Hefel, Chief Deputy Colin Fulrath, and Donald Schweihs, respectfully request that this Honorable Court dismiss the complaint of plaintiff Kirk Raab as set forth above with prejudice and with costs in favor of defendants.

> COUNTY OF JO DAVIESS, JO DAVIESS COUNTY SHERIFF'S OFFICE, SHERIFF LEO HEFEL, CHIEF DEPUTY COLIN FULRATH, DONALD SCHWEIHS
>
> By:   s/Julie A. Bruch
> Julie A. Bruch # 6215813
> O'Halloran Kosoff Geitner & Cook, LLC
> 650 Dundee Road, Suite 475
> Northbrook, Illinois 60062
> Telephone:  (847) 291-0200
> Fax: (847) 291-9230
> E-mail:  jbruch@okgc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KIRK RAAB, | ) | |
|         Plaintiff, | ) | Case No.: 08 C 50087 |
| | ) | |
| v. | ) | Judge Reinhard |
| COUNTY OF JO DAVIESS, et. al., | ) | Magistrate Mahoney |
| | ) | |
|         Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed defendants' Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Martin A. Dolan  
mdolan@dolanlegal.com

Mark A. Rouleau  
rouleau-law@insightbb.com

Myco T. Dang  
mdang@dolanlegal.com

                                      COUNTY OF JO DAVIESS, JO DAVIESS COUNTY SHERIFF'S OFFICE, SHERIFF LEO HEFEL, CHIEF DEPUTY COLIN FULRATH, DONALD SCHWEIHS

                                      By:    s/Julie A. Bruch  
                                                  Julie A. Bruch # 6215813  
                                                  O'Halloran Kosoff Geitner & Cook, LLC  
                                                  650 Dundee Road, Suite 475  
                                                  Northbrook, Illinois 60062  
                                                  Telephone:  (847) 291-0200  
                                                  Fax: (847) 291-9230  
                                                  E-mail:  jbruch@okgc.com